UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CESAR PINEDA, individually and on behalf of a class of others similarly situated**

CASE NO.: 18-CV-23854-JEM

Plaintiff,

v.

**TELECLARO, LLC**

Defendants.
_____/

**DEFENDANT, TELECLARO, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Defendant, TELECLARO, LLC (hereinafter referred to as "Defendant"), a Florida Limited Liability Company, by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court to dismiss Plaintiff, CESAR PINEDA'S (hereinafter referred to as "Plaintiff"), Complaint [Docket Entry #1], for his failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

**INTRODUCTION**

The instant matter is a putative class action brought under the Telephone Consumer Protection Act, 47 U.S.C. §227, against Defendant, relating to the alleged sending of twenty-five (25) text messages to Plaintiff's cellular phone number. For the reasons set forth herein, Plaintiff's Complaint should be dismissed.

**MEMORANDUM OF LAW**

**I.     MOTION TO DISMISS STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual material…'to state a claim to relief that is plausible on its facts.'" Ashcroft v. Iqbal, 556 U.S.

1

662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A facially plausible claim must allege facts that are more than merely possible…The plausibility standard calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the defendant's liability." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal citations and quotation marks omitted). While this Court must assume the truth of well pleaded factual allegations, "legal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011). Applying these well-known standards to the Complaint demonstrates that Plaintiff's claims should be dismissed.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A PLAUSIBLE CLAIM UNDER THE TCPA

Plaintiff's Complaint appears to assert that Defendant violated 47 U.S.C. §227(b)(1)(A) of the Telephone Consumer Protection Act by sending Plaintiff, and upon information and belief, preceding this lawsuit, Defendant has sent at least one-hundred thousand illegal text messages over the last four years to members of the proposed classes. [Docket Entry # 1 ¶15]. However, the allegations set forth in Plaintiff's Complaint fail to state a claim with the requisite plausibility to withstand dismissal.

In order to state a claim under the 47 U.S.C. §227(b)(1)(A), Plaintiff is required to allege sufficient facts to show that Defendant used either an Automated Telephone Dialing System ("ATDS") or prerecorded voice to make a phone call or send a text message to Plaintiff's cellular phone without his prior express consent. Augustin v. Santander Consumer USA, Inc., No., 43 F.Supp. 3d 1251, 1253 (M.D. Fla.)(citing 47 U.S.C. §227(b)(1)(A). This requires Plaintiff to provide a sufficient factual basis for the assertion that Defendant's used either an ATDS or prerecorded voice and sent solicitation text message to Plaintiff's cellular phone

without Plaintiff's consent. Plaintiff must demonstrate sufficient facts from which the Court may infer that such text messages were sent and received in such a manner. As currently plead, the Complaint falls short of meeting this standard.

Previously, this Court has dismissed the complaint where the "plaintiff provided no facts whatsoever about any automated or pre-recorded calls Defendant allegedly made." See <u>Doran v. Wells Fargo Bank, N.A.</u>, 878 F.Supp 2d 1312 (S.D. Fla. 2012). Here, although Plaintiff provides a phone number or short-code "58055", Plaintiff does not provide any details regarding how such short-code number is connect to Defendant. Further, Plaintiff does not provide a full telephone number as to where Plaintiff received the alleged text messages. Nor does Plaintiff, at a minimum, state the dates of receiving the alleged text messages, nor does Plaintiff state the alleged content of the text messages. See <u>Buslepp v. Improv Miami, Inc.</u>, No. 12-60171-CIV, 2012 WL 1560408, at *1 (S.D. Fla. May 4, 2012)(finding that despite not identifying the specific telephone number called or texted, allegations of the "date and content of the text messages….were sufficient to meet plaintiff's obligation to provide the grounds of his entitled to relief). Here, Plaintiff has not even stated what date the alleged text messages were received, nor what the alleged content of the text message was.

Additionally, Plaintiff makes no specific factual allegations with regard to the equipment used to send the alleged text message, aside from speculative and conclusory allegations that the text messages are "upon information and belief…utilized a combination of hardware and software systems to send text messages at issue in this case." [Docket Entry # 1 ¶23].

At a minimum, Plaintiff should be required to provide the complete phone number at which he, or any of the others alleged to be similarly situated, received the alleged messages. With nothing more than the last four (4) digits of a phone number and short-code of "58055" it is

impossible to decipher whether Plaintiff did in fact receive these messages and if said messages came from Defendant. This approach does not unduly burden Plaintiff by requiring unnecessary pleading of technical details impossible to uncover without discovery. Rather, it necessitates that Plaintiff plead only facts easily available to him on the basis of his personal knowledge.

Similarly, such approach gives Defendant fair notice by distinguishing this case from every other possible case that has been brought under the TCPA. Without any allegation that includes a telephone number to which the text messages were allegedly sent, it is impossible for Defendant to adequately investigate the merit of Plaintiff's claim, if any, or to formulate any type of informed response to Plaintiff's Complaint.

Furthermore, Plaintiff's only basis for bringing this case as a putative class action is the speculative allegation that "on information and belief, preceding this lawsuit, Defendant has sent at least one-hundred thousand illegal text messages over the last four years to members of the proposed classes. [Docket Entry # 1 ¶15]. Although the pleading standard does not require detailed factual allegations, it does demand more than unadorned accusations of harm. Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009). The facts plead must state a claim for relief that is plausible on its face Id. Here, Plaintiff's only alleged basis for bringing claims on behalf of a class is wholly speculative and conclusory, especially where Plaintiff fails to provide a complete phone number alleged to have received the solicitous text messages. As currently plead, Plaintiff's Complaint fails to satisfy the pleading requirements required to state a plausible claim under the TCPA. Accordingly, Plaintiff's Complaint should be dismissed.

### III. ALTERNATIVELY, PLAINTIFF SHOULD BE REQUIRED TO SUBMIT A MORE DEFINITE STATEMENT

A party may "move for a more definite statement" under Rule 12(e) when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). District courts also have the "inherent authority to require the [plaintiff] to file a more definite statement" if not by Rule 12(e), then by their authority "to narrow the issues in the case in order to speed its orderly, efficient, and economic disposition." <u>Fikes v. City of Daphne</u>, 79 F. 3d 1079, 1083 (11th Cir. 1996). Here, the Plaintiff's Complaint fails to sufficiently allege factual allegations, and as such, Defendant alternatively requests that Plaintiff be required to provide a more definite statement setting forth more specific facts supporting their claim under the TCPA and to include a specific telephone number or numbers which Plaintiff alleges received the solicitous text messages giving rise to the Complaint.

WHEREFORE, Defendant, TELECLARO, LLC, respectfully requests that this Honorable Court enter an Order granting this Motion, dismissing Plaintiff's Complaint, or alternatively, requiring Plaintiff to submit a more definite statement, and providing for such additional relief as the Court deems just and proper.

Dated: November 6, 2018                                                                 Respectfully submitted,

By: /s/ Nataline Garcia
Nataline Garcia
FBN: 1007959
Email: NGarcia@raygarcialaw.com
**Law Office of Ray Garcia, P.A.**
*Attorney for Defendant, TELECLARO, LLC*
14850 SW 26th Street, Suite 204
Miami, Florida 33185
Telephone: (305) 227-4030
Fax: (305) 223-9811

## **CERTIFICATE OF SERVICE**

       I hereby certify that on November 6, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jibrael Jaralla Said Hindi
E-mail: jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Telephone: 954-907-1136
*Attorney for Plaintiffs*

                                                                  /s/ Nataline Garcia
                                                                  Nataline Garcia
                                                                  Fla. Bar No. 1007959