UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CESAR PINEDA, individually and on behalf of a class of others similarly situated**

**CASE NO.: 18-CV-23854-JEM**

　　Plaintiff,

v.

**TELECLARO, LLC**

　　Defendants.
_____/

## DEFENDANT, TELECLARO, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

The Defendant, TELECLARO, LLC (hereinafter referred to as "Defendant"), a Florida Limited Liability Company, by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court to dismiss Plaintiff, CESAR PINEDA'S (hereinafter referred to as "Plaintiff"), Amended Complaint [Docket Entry #15], for his failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

### INTRODUCTION

The instant matter is a putative class action brought under the Telephone Consumer Protection Act, 47 U.S.C. §227, against Defendant, relating to the alleged sending of twenty-five (25) text messages to Plaintiff's cellular phone number. For the reasons set forth herein, Plaintiff's Amended Complaint should be dismissed.

### MEMORANDUM OF LAW

**I.　　MOTION TO DISMISS STANDARD OF REVIEW**

1

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual material…'to state a claim to relief that is plausible on its facts.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A facially plausible claim must allege facts that are more than merely possible…The plausibility standard calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the defendant's liability." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal citations and quotation marks omitted). While this Court must assume the truth of well pleaded factual allegations, "legal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011). Applying these well-known standards to the Complaint demonstrates that Plaintiff's claims should be dismissed.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A PLAUSIBLE CLAIM UNDER THE TCPA

Plaintiff's Complaint appears to assert that Defendant violated 47 U.S.C. §227(b)(1)(A) of the Telephone Consumer Protection Act ("TCPA") by using mass-automated technology through a third-party company hired by Defendant to send marketing text messages on Defendant's behalf *en masse*. [Docket Entry #15 ¶4]. Plaintiff further alleges, upon information and belief, the third-party company is Callture Communications, Inc. [Docket Entry #15 ¶5]. However, the allegations set forth in Plaintiff's Complaint fail to state a claim with the requisite plausibility to withstand dismissal.

A seller is not directly liable for violations of the TCPA unless it initiates a call, but may be held vicariously liable under federal common law agency for principles for a TCPA violation by a third-party telemarketer. See In re Dish Network, LLC, 28 FCC Rcd 6574, 6582(2013). TCPA case law would allow a case like the Plaintiff's to proceed against

TELECLARO, LLC, even though TELECLARO, LLC, is not the party alleged to be sending the text messages. Under the TCPA, "a seller would be responsible [under the TCPA] for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf **if** the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps to force the telemarketer to cease that conduct." See Id., 28 FCC Rcd at 6592.

Here, it is not alleged that TELECLARO, LLC sent the text messages to Plaintiff, rather it is alleged that a third-party company allegedly hired by TELECLARO, LLC sent marketing text messages on TELECLARO, LLC'S behalf. From the allegations in Plaintiff's Amended Complaint, it appears Plaintiff is attempting to create a relationship between TELECLARO, LLC and the third-party company Callture Communications, Inc. However, to find such relationship, Plaintiff is required to provide enough evidence to find such relationship to be facially plausible, which in this instance Plaintiff has failed to do. There are no factual allegations describing whether TELECLARO, LLC, knew, or reasonably should have known, that Callture Communications was violating the TCPA on the seller's behalf or that TELECLARO, LLC, failed to take effective steps to force Callture Communications, Inc., to cease that conduct. The Plaintiff has failed to adequately plead any agency relationship between TELECLARO, LLC and Callture Communications, Inc., and thus, failed to assert vicarious liability under section 227(b)(1)(A)(iii) of the TCPA.

WHEREFORE, Defendant, TELECLARO, LLC, respectfully requests that this Honorable Court enter an Order granting this Motion, dismissing Plaintiff's Amended and providing for such additional relief as the Court deems just and proper.

Dated: December 14, 2018     Respectfully submitted,

By: /s/ Nataline Garcia
Nataline Garcia
FBN: 1007959
Email: NGarcia@raygarcialaw.com
**Law Office of Ray Garcia, P.A.**
*Attorney for Defendant, TELECLARO, LLC*
14850 SW 26th Street, Suite 204
Miami, Florida 33185
Telephone: (305) 227-4030
Fax: (305) 223-9811

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jibrael Jaralla Said Hindi
E-mail: jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Telephone: 954-907-1136
*Attorney for Plaintiffs*

/s/ Nataline Garcia
Nataline Garcia
Fla. Bar No. 1007959